**Gurmit SINGH, Petitioner,**

v.

**Alberto GONZALES,[1] Attorney General of the United States, William Cleary, Acting Field Director Deportation and Removal, Buffalo District, Bureau of Immigration and Customs Enforcement, United States Department of Homeland Security, Respondents.**

**No. 05–3228–ag.**

United States Court of Appeals, Second Circuit.

May 12, 2006.

---

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto

Christopher V. Taffe, Assistant United States Attorney, for Kathleen M. Mehl-tretter, Acting United States Attorney, Western District of New York, Rochester, NY, for Respondents.

Present: Hon. JON O. NEWMAN, Hon. ROBERT A. KATZMANN, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 12th day of May, two thousand six.

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, AD-JUDGED, AND DECREED** that this petition for review of a decision of the Board of Immigration Appeals ("BIA") and of a decision of the Buffalo, New York, office of the Citizenship and Immigration Service ("CIS") be and hereby is **DISMISSED.**

Petitioner (A72 474 784) appeals from: (1) a December 19, 1995 order of the BIA summarily affirming an IJ's denial of his application for asylum and other relief; (2) a May 20, 2004 decision of the director of the Buffalo office of the CIS denying his application for adjustment of status. We assume familiarity with the facts of this case, its procedural history, and the issues on appeal.

With respect to the BIA order, we lack jurisdiction to hear petitioner's appeal, which had to be filed within 30 days following a final order of removal. *See* 8 U.S.C. § 1252(b)(1). Petitioner argues that he received ineffective assistance of counsel that prevented him from bringing a timely

appeal. However, such an argument ordinarily must be brought in the first instance as a motion to reopen before the BIA, *see Arango–Aradondo v. INS,* 13 F.3d 610, 614 (2d Cir.1994), and petitioner has not provided us with any reason to relax this requirement. *Cf. Pichardo v. Ashcroft,* 374 F.3d 46, 53 (2d Cir.2004) (hearing claim that would otherwise be jurisdiction-ally barred where petitioner could show "manifest injustice"). We express no opinion as to the merits of petitioner's claim of ineffective assistance.

With respect to the Buffalo director's decision, we also decline to exercise jurisdiction. To the extent that a denial of a motion for adjustment of status rests on the exercise of agency discretion rather than a determination of legal ineligibility, we are largely barred from reviewing it. *See Bugayong v. INS,* 442 F.3d 67, 71–72 (2d Cir.2006). Petitioner raises no "constitutional claims or questions of law" in the decision, *see id.* at 74 (quoting 8 U.S.C. § 1252(a)(2)(D)), but challenges only the director's weighing of the equities. Therefore, the appeal from this decision must also be dismissed.

Accordingly, petitioner's other arguments having been considered and rejected, the petition for review is **DISMISSED.**