**Juan Vincente LINARES–ESPANA, Petitioner–Appellant,**

v.

**U.S. DEPARTMENT OF HOMELAND SECURITY, Attorney General Alberto R. Gonzales,\* Respondents–Appellees.**

No. 04–3744–AG.

United States Court of Appeals, Second Circuit.

May 18, 2006.

Mark T. Kenmore, Buffalo, New York, for Petitioner.

Judy K. Hunt, Assistant United States Attorney (Paul I. Perez, United States Attorney for the Middle District of Florida and Tamra Phipps, Assistant United

---

\* Alberto R. Gonzales is automatically substituted for his predecessor, John Ashcroft, as respondent pursuant to Federal Rule of Appellate Procedure 43(c)(2).

States Attorney, on the brief), Tampa, Florida, for Respondents.

PRESENT: WALKER, Chief Judge, AMALYA L. KEARSE and J. CLIFFORD WALLACE,** Circuit Judges.

### SUMMARY ORDER

Petitioner Juan Vincente Linares–Espana petitions for review of a June 10, 2004, Board of Immigration Appeals ("BIA") order summarily affirming the January 30, 2003, decision of an immigration judge ("IJ") denying Linares–Espana's application for adjustment of status. Linares–Espana challenges the IJ's discretionary denial of his application. We assume the parties' familiarity with the facts and procedural history.

An alien who is the beneficiary of a petition filed by his United States citizen spouse may apply for adjustment of status to that of legal permanent resident. 8 U.S.C. § 1255(i). If an alien is eligible for adjustment of status, the decision whether to grant that relief is committed to the discretion of the Attorney General. *Id.* § 1255(a). This court lacks jurisdiction to review discretionary denials of relief under § 1255, *id.* § 1252(a)(2)(B)(i) ("Notwithstanding any other provision of law . . . no court shall have jurisdiction to review . . . any judgment regarding the granting of [adjustment of status.]"); *Mariuta v. Gonzales,* 411 F.3d 361, 365 (2d Cir.2005), unless they raise constitutional claims or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D); *Bugayong v. INS,* 442 F.3d 67, 72–73 (2d Cir.2006); *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 153–54 (2d Cir.2006).

In this case, the IJ's denial of Linares–Espana's claim for adjustment of status was plainly an exercise of his discretion. He stated that "a favorable exercise of discretion is not warranted due to the totality of the circumstances" and concluded that Linares–Espana had not "carried his burden of proof in establishing that he is entitled to a favorable exercise of discretion." Because Linares–Espana's petition raises no constitutional claims or questions of law, we lack jurisdiction to review it.

For the reasons set forth above, the petition for review is hereby **DISMISSED** for lack of jurisdiction.