**WEN LING ZOU, also known as Wen Lin Zou, Petitioner,**

v.

**UNITED STATES DEPARTMENT OF JUSTICE, Attorney General Alberto R. Gonzales, Respondents.**

**No. 05–5379–ag.**

United States Court of Appeals, Second Circuit.

Aug. 18, 2006.

Bruno Joseph Bembi, Hempstead, New York, for Petitioner.

Mary Beth Buchanan, United States Attorney for the Western District of Pennsylvania, Laura Schleich Irwin, Assistant United States Attorney, Natalie Rieland, Paralegal Specialist, Pittsburgh, Pennsylvania, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Wen Ling Zou, a native and citizen of the People's Republic of China, seeks review of a September 15, 2005 order of the BIA affirming the May 11, 2004 decision of Immigration Judge ("IJ") Sandy Hom denying her applications for asylum, withholding of deportation, and relief under the Convention Against Torture ("CAT"). *In re Wen Ling Zou,* No. A73 557 760 (B.I.A. Sept. 15, 2005), *aff'g* No. A73 557 760 (Immig. Ct. N.Y. City May 11, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA affirms and concurs with the IJ in a brief decision, it is appropriate to review the IJ's decision directly. *See Secaida–Rosales v. INS,* 331

F.3d 297, 305 (2d Cir.2003). Legal questions, and application of fact to law, are reviewed *de novo. See id.* at 307. This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

In this case, substantial evidence supports the IJ's adverse credibility finding, which was based largely on the major contradiction between Zou's testimony in 1995 that she fled China to avoid sterilization, and her testimony in 2004, after her case was reopened, that she had been forcibly sterilized in 1991. This contradiction was sufficiently blatant and critical to her claim that the IJ would have been justified in finding her incredible even without demanding further explanation. *See Majidi v. Gonzales,* 430 F.3d 77, 80 (2d Cir.2005). Moreover, Zou's attempts to explain the contradiction failed to rehabilitate her credibility. She insisted that she told the IJ in 1995 that she had been sterilized, although the transcript of the 1995 hearing reflects that she stated exactly the opposite, and repeatedly claimed to fear sterilization if returned to China. The 1995 testimony also undermines her attempt to attribute any errors in her application to the preparer, as does her husband's asylum application, which contains the exact same discrepancy although it was prepared by a different individual. Contrary to Zou's contentions in her brief, we find the evidence of contradictory statements to be unambiguous, and further reject her claims of due process violations, which are merely reworded challenges to the IJ's adverse credibility determination. *Cf. Bugayong v. INS,* 442 F.3d 67, 72 (2d Cir. 2006). As the evidence strongly suggests that Zou was, in fact sterilized—but does not establish that the procedure took place

in China, or was forced—and Zou failed to establish an objectively reasonable fear of other harm in China, on any ground, substantial evidence also supports the IJ's denial of withholding and CAT relief. *See Paul v. Gonzales,* 444 F.3d 148, 155–57 (2d Cir.2006); *Ramsameachire v. Ashcroft,* 357 F.3d 169, 183–85 (2d Cir.2004).

For the foregoing reasons, the petition for review is DENIED.