**Enea S. DIKA (a.k.a., Enea
S–Dika), Petitioner,**

v.

**Alberto GONZALEZ, Attorney
General, Respondent.**

No. 05–6792.

United States Court of Appeals,
Second Circuit.

Oct. 17, 2006.

Gregory Marotta, Law Office of Richard Tarzia, Belle Mead, NJ, for Petitioner.

W. Chad Noel, Assistant United States Attorney for the Southern District of West Virginia (Charles T. Miller, United States Attorney for the Southern District of West Virginia, *on the brief*), Charleston, WV, for Respondent.

Present: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges, and Hon. BARBARA S. JONES, District Judge.*

**SUMMARY ORDER**

Familiarity by the parties is assumed as to the facts, the procedural context, and the specification of appellate issues. Petitioner Enea S. Dika ("Dika" or "Petitioner"), a citizen of Albania, appeals from an order of the Board of Immigration Appeals ("BIA") entered on November 29, 2005, adopting a July 13, 2005 decision of Immigration Judge ("IJ") Joe Miller. In his decision, the IJ: (i) denied Dika's application for deferral of removal under the Convention Against Torture ("CAT") because he failed to demonstrate that it was more likely than not that he would be tortured if returned to Albania; (ii) determined that Dika was ineligible for any other form of relief from removal, including withholding of removal; and (iii) ordered Dika removed to Albania, pursuant to section 237(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1227(a)(2)(A)(iii) (2005), on the basis of his aggravated felony conviction.

---

38

Because Dika is an aggravated felon, this Court lacks jurisdiction to review his petition for review, *see* 8 U.S.C. § 1252(a)(2)(C) (2005), except to the extent that it raises colorable constitutional issues or questions of law, *see* 8 U.S.C. § 1252(a)(2)(D) (2005). In an attempt to overcome this jurisdictional hurdle, Dika purports to raise constitutional due process challenges to the determinations of the IJ and BIA.

With respect to his CAT claim, Dika argues that his right to due process was violated on the ground that neither the IJ nor the BIA adequately considered or properly weighed the record evidence. While "dressed up" as a due process claim, Dika's argument amounts to—at most—a challenge to the IJ's and BIA's factual and discretionary determinations concerning the evidence. This Court has repeatedly explained that such purported due process challenges are insufficient to circumvent a jurisdictional bar. *See Bugayong v. INS,* 442 F.3d 67, 72 (2d Cir.2006) (explaining that the mere assertion that an IJ has incorrectly weighed the evidence or failed to explicitly consider certain evidence "does not itself establish a 'colorable constitutional claim' within the meaning of 8 U.S.C. § 1252(a)(2)(D), even if a petitioner 'dresses up' his claim in the language of due process"); *Saloum v. U.S. Citizenship & Immigration Servs.,* 437 F.3d 238, 243 (2d Cir.2006) ("A petitioner may not create the jurisdiction that Congress chose to remove simply by cloaking an abuse of discretion argument in constitutional garb."). In any event, the IJ's denial of Dika's CAT application is adequately supported by the record. *See Borovikova v. U.S. Dep't of Justice,* 435 F.3d 151, 156 (2d Cir.2006) ("[A]dministrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary" (quoting 8 U.S.C. § 1252(b)(4)(B))). Here, we see nothing in the record that would compel us to disturb the IJ's finding that there is "no evidence that torture has either been applied to [Dika] or will be in the future; [sic] it's purely speculation."

Separately, Dika contends that his right to due process was violated in that the IJ determined—without conducting an appropriate inquiry—that Dika's conviction was a "particularly serious crime" barring him from withholding of removal eligibility. *See* 8 U.S.C. § 123 1(b)(3)(B)(ii) (2005) (providing that an alien is ineligible for withholding of removal if the alien, having been "convicted by a final judgment of a particularly serious crime is a danger to the community of the United States."). While this claim falls closer to the constitutional line, it is nevertheless jurisdictionally barred in light of Dika's failure to administratively exhaust it. *See* 8 U.S.C. § 1252(d)(1) (2005) (requiring aliens to "exhaust[ ] all administrative remedies available ... as of right."). Because Dika did not make any claim for withholding of removal before either the IJ or the BIA— much less a particularized claim concerning the nature of his criminal offense—this Court lacks jurisdiction to review it. *See Foster v. INS,* 376 F.3d 75, 77–78 (2d Cir.2004) (holding that under § 1252(d)(1), an alien's "generalized protestations that his removal was improper" did not allow him to argue on appeal that his conviction did not constitute a "crime of violence" or "aggravated felony" under immigration law); *see also Theodoropoulos v. INS,* 358 F.3d 162, *cert. denied,* 543 U.S. 823, 125 S.Ct. 37, 160 L.Ed.2d 34 (2004).

We have considered all of petitioner's claims and find them to be meritless. The petition for review is therefore **DISMISSED.**