**Nurys Joseline BAEZ DE HUGHES, Petitioner,**

**v.**

**Michael B. MUKASEY \*, Respondent.**

No. 07–0998–ag.

United States Court of Appeals, Second Circuit.

Dec. 18, 2007.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as respondent in this case.

Phillip F. Fishman, Minneapolis, MN, for petitioner.

Peter D. Keisler, Assistant Attorney General, Richard M. Evans, Assistant Director, Nancy E. Friedman, Trial Attorney, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. ROSEMARY S. POOLER, and Hon. ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Nurys Joseline Baez de Hughes ("Baez"), a native and citizen of the Dominican Republic, petitions for review of the February 16, 2007 decision of the Board of Immigration Appeals ("BIA"), 2007 WL 1122865, affirming the Immigration Judge's ("IJ") decision to deny Baez's application for adjustment of status filed pursuant to section 245 of the Immigration and Nationality Act, and her request for voluntary departure. Review of Baez's petition, if available, would be limited to the BIA's decision, because the BIA rejected aspects of the IJ's decision and came to its own detailed conclusions regarding the equities in Baez's case. *See Ming Xia Chen v. B.I.A.*, 435 F.3d 141, 144 (2d Cir.2006). We assume familiarity with the facts, the procedural history, and the issues on appeal.

We lack jurisdiction to review the BIA's denial of the discretionary relief of adjustment of status. 8 U.S.C. § 1252(a)(2)(B)(i). We do, however retain jurisdiction, under 8 U.S.C. § 1252(a)(1)(D), to review colorable "constitutional claims and questions of law."

*See Bugayong v. I.N.S.*, 442 F.3d 67, 71 (2d Cir.2006) (per curiam).

Baez contends that she was denied a fair hearing because (in her view) the IJ and the BIA seemed fixated on facts that she deems beyond the scope of their inquiry, namely the facts underlying the approved battered spouse visa petition that rendered Baez eligible to apply for a section 245 adjustment of status. However, the BIA expressly acknowledged that the Department of Homeland Security has sole jurisdiction to determine the sufficiency of Baez's visa petition, disavowed "re-adjudicating" the visa petition, and assumed the petition remained valid for the purpose of establishing Baez's eligibility to apply for adjustment. Accordingly, the BIA considered only the question of whether Baez merited a favorable exercise of discretion. In reaching its decision, the BIA properly reviewed the entire record of Baez's then 10-year history in the United States, which would and did include the facts of her battered spouse claim, as well as the evidence of an earlier marriage that was deemed fraudulent by immigration authorities. The BIA found that Baez failed to discharge her burden of demonstrating that the equities weighed in favor of adjusting her status. This discretionary denial of relief is beyond our authority to review.

Baez is unable to create jurisdiction over her petition with her "talismanic invocation of the language of 'due process.'" *Saloum v. USCIS*, 437 F.3d, 238, 243 (2d Cir.2006) (per curiam). Baez was represented by counsel, was provided a full and fair hearing, and does not complain that she was denied sufficient opportunity to present evidence and testify on her behalf. Baez's claim amounts to disagreement with the way the IJ and BIA exercised their discretion. Her assertion that the IJ and the BIA "misread, misunderstood or misap-

**450**

plied the law" in reaching their decisions "essentially disputes the correctness of [their] fact-finding or the wisdom of [their] exercise of discretion, and raises neither a constitutional claim nor a question of law." *Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 329 (2d Cir.2006). Finding no error of law or constitutional violation, "we are prohibited by statute from second-guessing the BIA's [denial of relief]" and must dismiss Baez's petition for lack of jurisdiction. *Wallace v. Gonzales,* 463 F.3d 135, 140 (2d Cir.2006) (per curiam).

For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.