

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-6-2008

# Lopez v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1618

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Lopez v. Atty Gen USA" (2008). *2008 Decisions.* Paper 410.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/410

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1618

PEDRO MARIA LOPEZ

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED
STATES; SECRETARY OF DEPARTMENT
OF HOMELAND SECURITY

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
(No. A91-035-362)
Immigration Judge: Miriam K. Mills

Before: McKEE and GARTH, Circuit Judges,
and IRENAS,[*] District Judge

Submitted pursuant to Third Circuit LAR 34.1(a)
May 16, 2008

(filed: October 6, 2008)

OPINION

McKEE, Circuit Judge.

 Pedro Maria Lopez petitions for review of a final order of the Board of

_____

 [*]The Honorable Joseph E. Irenas, United States District Judge for the District of
New Jersey, sitting by designation.

1

Immigration Appeals affirming the decision of an Immigration Judge denying his application for waiver of deportation under former § 212(c) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1182(c) (repealed 1996).[1]  Because we have no jurisdiction over the BIA's final order, we will dismiss the petition.

## I.

Inasmuch as we are writing primarily for the parties, we will recite the factual and procedural background only insofar as necessary to our brief discussion.

On February 2, 1994, Lopez appeared with counsel, and expressed a desire to apply for a discretionary waiver under former § 212(c).  On April 19, 1994, Lopez admitted that he was born in "Santo Domingo," but invoked the Fifth Amendment in refusing to answer any other questions.  The IJ found that Lopez was deportable and ruled that he was not eligible for § 212(c) relief.

The BIA dismissed his appeal finding that he was removable as an aggravated felon based on a conviction for a controlled substance offense, but not based on any convictions involving moral turpitude.  The BIA agreed that Lopez was not eligible for § 212(c) relief.

On January 26, 2001, Lopez filed a motion to reopen with the BIA on the grounds

---

[1]Former INA § 212(c) "permitted deportable aliens, who had accrued seven years of lawful permanent residence in the United States, to request discretionary relief from deportation if the equities weighed in favor of their remaining in the country."  *Atkinson v. Attorney General of the United States*, 479 F.3d 222, 224 (3d Cir. 2007).

that he was eligible to apply for § 212(c) relief pursuant to our holding in *Sandoval v. Reno*, 166 F.3d 225 (3d Cir. 1999), which found that courts maintained jurisdiction over pending cases requesting § 212(c) relief. On August 30, 2002, the BIA granted the motion to reopen and remanded to an IJ for a determination of Lopez's eligibility for that relief.

On remand, the IJ denied Lopez's request for a § 212(c) waiver. The IJ discussed the applicable factors and conducted the balancing test set forth in *Matter of Marin*, 16 I. & N. Dec. 581 (BIA 1978). The IJ concluded that the adverse factors outweighed the favorable factors and held that Lopez was therefore not deserving of discretionary relief under § 212(c).

Lopez had been placed in removal proceedings because of drug convictions in 1981 and 1992. In denying relief, the IJ noted that Lopez had been arrested for drug possession again in 2001. Lopez admitted to dealing drugs for ten years in New York and, despite claiming that he moved to Pennsylvania to get away from drugs, Lopez was arrested twice more as a result of his continuing involvement with illegal drugs. Lopez's criminal record also included driving under the influence, driving on a suspended license, careless driving, and he had admitted other instances when he drove while impaired. One of those incidents involved a crash.

Although Lopez received only sentences of probation, the IJ concluded that the nature of his offenses and the fact that he persisted in criminal conduct even after being

placed in deportation proceedings outweighed the factors that might have otherwise resulted in a waiver.

Lopez filed a timely appeal to the BIA arguing that the IJ erred by not properly weighing his equities, *see* n.1, *supra*, and in denying discretionary relief under § 212(c). The BIA agreed with the IJ's conclusion that Lopez had not shown sufficient equities to offset his recidivist history, and affirmed the IJ's denial of relief.

This petition for review followed.

## II.

Pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to "review any final order of removal against an alien who is removable by reason of having committed a criminal offense covered" in certain sections of the INA. This includes offenses listed in 8 U.S.C. §§ 1227(a)(2)(A)(iii) and (B), except as provided in 8 U.S.C. § 1252(a)(2)(D).

Congress amended the INA in the REAL ID Act. Pursuant to that Act, we are not not precluded from reviewing "constitutional claims or questions of law raised in a criminal alien's petition for review." *Bonhometre v. Gonzales*, 414 F.3d 442, 445 (3d Cir. 2005). Lopez was found deportable pursuant to his 1992 cocaine conviction which is an offense listed in 8 U.S.C. §§ 1251(a)(2)(A)(iii) and (B). Therefore, unless Lopez has raised a colorable constitutional or legal claim, we lack jurisdiction over his petition for review under 8 U.S.C. § 1252(a)(2)(C).

Lopez attempts to assert a constitutional claim by arguing that the BIA failed to

4

properly consider the evidence in denying his request for § 212(c) relief, thereby denying him due process of law. Despite Lopez's efforts to cloak his challenge in the language of due process, it is clear that he is only challenging the BIA's unfavorable exercise of discretion and the adverse result of weighing the equities in his case. He claims that the BIA failed to afford him an individualized determination and that "[w]hen applying the correct legal standard, Petitioner provided sufficient evidence to support his claim for relief pursuant to former INA § 212(c)," Lopez's Br. at 16. However, that claim is simply not subject to judicial review. *See Elysee v. Gonzales*, 437 F.3d 221, 223-24 (1st Cir. 2006) (finding no colorable constitutional claim or question of law where petitioner argued that the IJ "complete[ly] disregard[ed]" the relevant hardships that would be faced by his children if he were deported).

Similarly, Lopez can not raise a claim of legal error simply by stating that the BIA failed to apply the law in deciding whether his equities warranted a favorable exercise of discretion under § 212(c). *See Bugayong v. INS*, 442 F.3d 67, 72 (2d Cir. 2006) ("absent a specific issue of statutory construction, the term 'questions of law' in 8 U.S.C. § 1252(a)(2)(D) does not provide the Court with jurisdiction to review a petitioner's challenge to a decision firmly committed by statute to the discretion of the Attorney General."); *Suskwanputra v. Gonzales*, 434 F.3d 627, 634 (3d Cir. 2006) ("[F]actual or discretionary determinations . . . fall outside the jurisdiction of the court of appeals entertaining a petition for review.").

5

**III.**

Accordingly, for the reasons set forth above, we will dismiss Lopez's petition for review for lack of jurisdiction.