SUMMARY ORDER

Petitioner Elias Maalouf, a native and citizen of Syria, seeks review of a November 5, 2007 order of the BIA denying his motion to reopen his removal proceedings. In re Elias Maalouf No. A35 317 997 (B.I.A. Nov. 5, 2007). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
Pursuant to 8 U.S.C. § 1252(a)(2)(C), we lack jurisdiction to consider Maalouf s petition for review where he was convicted of an aggravated felony and two crimes of moral turpitude, not arising out of a single scheme of criminal misconduct. Notwithstanding that provision, however, we retain jurisdiction to review constitutional claims and “questions of law.” 8 U.S.C. § 1252(a)(2)(D).
Maaloufs argument that the BIA abused its discretion in denying his motion to reopen by failing to consider his evidence is not a question of law where it *68 “essentially disputes the correctness of the [agency’s] fact-finding or the wisdom of [its] exercise of discretion.” Xiao Ji Chen v. U.S. Dep’t of Justice, 471 F.3d 315, 329 (2d Cir.2006); see Bugayong v. I.N.S., 442 F.3d 67, 72 (2d Cir.2006) (“[T]he mere assertion that an IJ has ‘abused his discretion’ by ‘incorrectly weighing the evidence, failing to explicitly consider certain evidence, or simply reaching the wrong outcome’ does not itself establish a colorable ‘constitutional claim’ within the meaning of 8 U.S.C. § 1252(a)(2)(D).” (alterations omitted)). Thus, because Maalouf does not advance any constitutional claims or questions of law that we could review pursuant to 8 U.S.C. § 1252(a)(2)(D), this Court lacks jurisdiction to review Maal-ouf s petition for review of the BIA’s order denying his motion to reopen his removal proceedings. See 8 U.S.C. § 1252(a)(2)(C); see also Durant v. U.S. I.N.S., 393 F.3d 113, 115 (2d Cir.2004) (stating that the jurisdictional bar under 8 U.S.C. § 1252(a)(2)(C) also applies to an order denying a motion to reopen removal proceedings).
For the foregoing reasons, the petition for review is DISMISSED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.