SUMMARY ORDER
Petitioner Celio Deifilio Guaillazaca-Penaranda (“petitioner”), a native and citizen of Ecuador, seeks review of a May 30, 2008 order of the Board of Immigration Appeals (“BIA”), which in turn affirmed the decision by an Immigration Judge (“LJ”), denying petitioner’s application for cancellation of removal. Before this Court, petitioner argues (1) that the IJ’s finding that petitioner’s removal would not result in exceptional and extremely unusual hardship to his United States citizen child violated the Due Process Clause of the Fourteenth Amendment to the Constitution; (2) that petitioner did, indeed, demonstrate that he has been physically present in the United States for a continuous period of ten years or more, immediately preceding the service of his Notice to Appear; and (3) that he did not waive his request for voluntary departure. We assume the parties’ familiarity with the factual and procedural history of the case.
Our Court’s jurisdiction derives from section 242 of the Immigration and Nationality Act, 8 U.S.C. § 1252 (2006), which provides for judicial review of final orders. However, we have held that “the determination of whether ‘exceptional and extremely unusual hardship’ is present for the purposes of cancellation of removal is beyond our jurisdiction to review, except in those rare cases where the BIA decision on whether this kind of hardship exists is made without rational justification or based on an erroneous legal standard.” Mendez v. Holder, 566 F.3d 316, 322 (2d Cir.2009) (quoting Barco-Sandoval v. Gonzales, 516 F.3d 35, 39 (2d Cir.2008) (internal quotation marks omitted)). Upon this record, it is clear that this case does not present the kind of rare case contemplated by our case law.
Moreover, although we retain jurisdiction to consider “colorable” constitutional claims or questions of law raised by petitioner regarding the denial of his cancellation of removal application, petitioner fails to raise any such claims or questions here. Specifically, he argues that “the analysis of facts and conclusion of law by the Immigration Judge and the BIA was so erroneous as to constitute a violation of due process of law,” Petitioner’s Br. 5, but this argument is plainly challenging the BIA’s discretionary denial of his application for cancellation of removal. This Court has repeatedly stated that such a purported due process challenge is insufficient to circumvent a jurisdictional bar. See Bugayong v. INS, 442 F.3d 67, 72 (2d Cir.2006) (explaining that the mere assertion that an IJ has incorrectly weighed the evidence or failed to explicitly consider certain evidence “does not itself establish a *31 ‘colorable constitutional claim’ within the meaning of 8 U.S.C. § 1252(a)(2)(D), even if a petitioner ‘dresses up’ his claim in the language of due process.” (alteration omitted)).
Turning to petitioner’s second and third arguments, we note that he did not raise such arguments before the BIA. Accordingly, these claims are unexhausted, and we do not consider them. See Balachova v. Mukasey, 547 F.3d 374, 380 (2d Cir.2008); Lin Zhong v. U.S. Dep’t of Justice, 480 F.3d 104, 119-20 (2d Cir.2007) (finding that while this Court’s issue exhaustion requirement is not jurisdictional, it is mandatory).

CONCLUSION

For the foregoing reasons, the petition for review is DISMISSED insofar as it challenges the agency’s decision to deny his application for cancellation of removal, and DENIED insofar as it raises unexhausted claims.