09-5257-ag
Firmin v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect. Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14th day of December, two thousand and ten.

PRESENT:

>JOSÉ A. CABRANES,
>BARRINGTON D. PARKER,
>>*Circuit Judges,*
>
>EDWARD R. KORMAN,
>>*District Judge.**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

PATRICK SAINT FIRMIN,

>*Petitioner,*

>v.                                                                        No. 09-5257-ag

ERIC H. HOLDER, JR., United States Attorney General,

>*Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**                    JOSHUA BARDAVID, New York, NY.

---

* The Honorable Edward R. Korman of the United States District Court for the Eastern District of New York, sitting by designation.

1

FOR RESPONDENT:                    NANCY E. FRIEDMAN, Senior Litigation Counsel
                                   (Tony West, Assistant Attorney General, and Richard
                                   Evans, Assistant Director, Office of Immigration
                                   Litigation, *on the brief*), Civil Division, U.S.
                                   Department of Justice, Washington, DC.

**UPON CONSIDERATION** of the petition for review of a Board of Immigration Appeals decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** for want of jurisdiction.

Petitioner Patrick Saint Firmin ("petitioner" or "Firmin"), a native and citizen of Haiti, seeks review of a November 24, 2009 order of the Board of Immigration Appeals ("BIA") dismissing his appeal from a decision by the Immigration Judge ("IJ") denying his application for withholding of removal under 8 U.S.C. § 1231(b)(3) and for protection under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100-20, 1465 U.N.T.S. 85. Firmin argues that the IJ applied the wrong legal standard to his claims under the CAT and that the IJ failed to take into account all of the relevant evidence regarding the risk that he will be tortured in Haiti. He does not challenge the BIA's decision insofar as it affirms the IJ's finding that he is an aggravated felon subject to removal on the basis of his state robbery conviction. *See* 8 U.S.C. § 1227(a)(2)(A)(iii). We assume the parties' familiarity with the remaining factual and procedural history of the case.

Our jurisdiction over Firmin's claims is limited by 8 U.S.C. § 1252(a)(2)(C), which provides: "[N]o court shall have jurisdiction to review any final order of removal against an alien who is removable by reason of having committed [an aggravated felony]." *See Noble v. Keisler*, 505 F.3d 73, 77 (2d Cir. 2007). We may, however, review Firmin's petition if it raises "colorable constitutional claims or questions of law." *Bugayong v. I.N.S.*, 442 F.3d 67, 68 (2d Cir. 2006) (internal quotation marks omitted); *see also* 8 U.S.C. § 1252(a)(2)(D).

Here, Firmin's arguments do not present colorable questions of law and are essentially "disputes [with] the correctness of [the agency's] fact-finding or the wisdom of [the] exercise of discretion." *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). First, Firmin asserts that the IJ applied the wrong legal standard in denying him relief under the CAT because the IJ examined only whether Firmin faced harm by government actors, not by private individuals. *See Khouzam v. Ashcroft*, 361 F.3d 161, 171 (2d Cir. 2004) (holding that an alien applying for relief under the CAT need not show willful action on the part of the government but only willful blindness or knowledge of an act of torture committed by private actors). But there is no basis whatever for Firmin's claim: the IJ found that Firmin "failed to prove that <u>anyone</u> in Haiti would be able to . . . harm him, much less torture him," and the BIA confirmed that Firmin "failed to establish that

2

it is more likely than not that he will be tortured in Haiti by <u>or with the acquiescence . . . of</u> a public official or another person acting in an official capacity."

Second, Firmin argues that the IJ failed to consider Firmin's aunt's testimony that Firmin's last name was recognizable in Haitian political circles and that her mother (Firmin's grandmother) had experienced "some kind of scary moment" when identified by political opponents in Haiti in 1998. Again, Firmin fails to assert a colorable question of law. The IJ specifically summarized Firmin's aunt's testimony and deemed it credible, but ruled that Firmin had not demonstrated why <u>he</u> would be targeted in Haiti due to his family's political activities in the late 1980s and 1990s. Furthermore, we generally "presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen*, 434 F.3d at 159 n.13. The record here reflects nothing but a fully informed decision.

## CONCLUSION

We have considered each of Firmin's claims on appeal and find them to be without merit. Firmin's petition raises no "colorable constitutional claims or questions of law." *Bugayong*, 442 F.3d at 68. Accordingly, his petition for review is **DISMISSED** for want of jurisdiction. As we have completed our review, any pending motion for a stay of removal is **DISMISSED**.

FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court

3