Cheng v. Wilkinson

BIA
Mulligan, IJ
A029 388 399

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of February, two thousand twenty-one.

PRESENT:
>JOHN M. WALKER, JR.,
>ROBERT A. KATZMANN,
>RAYMOND J. LOHIER, JR.,
>*Circuit Judges.*

_____

XIAN CHENG, AKA XIANG CHENG,

>*Petitioner*,

>v.                                                    19-4005

ROBERT M. WILKINSON, ACTING UNITED
STATES ATTORNEY GENERAL,

>*Respondent*.[1]

_____

FOR PETITIONER:            Aleksander B. Milch, The Kasen Law Firm, PLLC, Flushing, NY.

FOR RESPONDENT:            Zoe J. Heller, Senior Litigation Counsel, Rodolfo D. Saenz, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

---

[1] Pursuant to Fed. R. App. P. 43(c)(2), Robert M. Wilkinson is automatically substituted for former Acting Attorney General Jeffrey A. Rosen.

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby **ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED**.

Petitioner Xian Cheng, a native and citizen of the People's Republic of China, seeks review of a November 6, 2019 decision of the BIA affirming a March 14, 2018 decision of an Immigration Judge ("IJ") denying his application for a waiver of inadmissibility under 8 U.S.C. § 1182(h). *In re Xian Cheng*, No. A029 388 399 (B.I.A. Nov. 6, 2019), *aff'g* No. A029 388 399 (Immig. Ct. N.Y.C. Mar. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

Adjustment to lawful permanent resident status is a discretionary form of relief that requires an alien to show that there is an immediately available visa and that he is admissible to the United States. 8 U.S.C. § 1255(a). Because Cheng conceded that his 1999 assault conviction was a crime involving moral turpitude, he was inadmissible and thus ineligible for adjustment absent a waiver. 8 U.S.C. § 1182(a)(2)(A)(i)(I). Accordingly, he had the burden to show both eligibility for a waiver—that the "denial of admission would result in extreme hardship to [a] United States citizen or lawfully resident spouse, parent, son, or daughter"—and that he merits a waiver as a matter of discretion. 8 U.S.C. § 1182(h)(1)(B); *Bugayong v. INS*, 442 F.3d 67, 73 (2d Cir. 2006). Ultimately, the agency must determine whether to exercise its discretion by balancing the positive and negative factors in the applicant's case. *In re Mendez-Moralez*, 21 I. & N. Dec. 296, 301 (B.I.A. 1996).

Our jurisdiction to review a discretionary denial of a waiver of inadmissibility is limited to constitutional claims and questions of law. *See* 8 U.S.C. § 1252(a)(2)(B)(i), (a)(2)(D);

2

*Bugayong*, 442 F.3d at 71–72. For jurisdiction to attach, such claims must be colorable. *See id.* Although the BIA may commit an error of law if it "totally overlook[s]" or "seriously mischaracterize[s]" evidence, it "does not commit an error of law every time an item of evidence is not explicitly considered or is described with imperfect accuracy." *Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009).[2]

Cheng argues that the agency failed to consider certain positive factors, but none of his examples identify an error of law. First, Cheng argues that the agency overlooked that he had been granted asylum. However, the IJ acknowledged that Cheng was granted asylum in 1991, and Cheng did not otherwise present information regarding that grant of asylum. Moreover, Cheng did not argue on appeal to the BIA that the IJ overlooked this factor, and instead emphasized his long residence in the United States, his employment and community involvement, his relatives in the United States, and the age of his convictions. Accordingly, he has not shown that the agency overlooked any evidence or arguments.

Next, Cheng argues that the agency mischaracterized the level of hardship that his wife and daughter would experience if he were removed. Cheng disagrees with the agency's conclusion that his wife's health had improved, because, while her cancer is currently under control, there is no certainty that it will remain that way. But Cheng's argument that the agency failed to fully consider the possibility of a recurrence of his wife's cancer is a dispute about the weight it gave to his wife's condition, not an argument that the agency ignored evidence or misperceived the record. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 329 (2d Cir. 2006). Cheng does not explain how the agency mischaracterized his adult daughter's hardship. We therefore find no error of law here.

---

[2] In quoting cases, we omit internal citations, quotation marks, footnotes, and alterations.

Cheng next argues that the agency mischaracterized the nature and seriousness of his convictions. He asserts that the parties stipulated during the hearing before the IJ that his 1993 Florida conviction for battery was not a crime involving moral turpitude. While this is true and thus the 1993 conviction was not itself a ground for Cheng's inadmissibility, the agency was not precluded from considering the battery conviction as a negative factor in its discretionary analysis. *See Wallace v. Gonzales*, 463 F.3d 135, 139 (2d Cir. 2006). Concerning his 1998 New York assault conviction, Cheng argues that the agency overlooked his argument that he had acted in self-defense. However, Cheng admitted before the IJ that he pleaded guilty rather than assert that he had acted in self-defense. And to the extent Cheng challenges the agency's determination of the seriousness of his convictions or the weight the agency gave to them, those issues are beyond our jurisdiction. *See Guyadin v. Gonzales*, 449 F.3d 465, 469 (2d Cir. 2006) (noting that "we lack jurisdiction to review any claim that an IJ or the BIA erred in weighing the factors relevant to the grant or denial of adjustment of status").

Finally, Cheng challenges the agency's evaluation of the remorse he exhibited before the IJ. But this, too, is not an error of law, as it concerns the weight and credibility that the agency gave to his testimony. *See Mendez*, 566 F.3d at 323. In sum, Cheng has not identified any facts or arguments that the agency overlooked or mischaracterized, and his contentions on appeal amount to disagreements over the balancing of factors and the weight the agency gave to his convictions, which we lack jurisdiction to review.

For the foregoing reasons, the petition for review is **DISMISSED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4