**Nader ALE, Petitioner,**

v.

**Alberto R. GONZALES, Respondent.**

Nos. 05–5472–ag, 06–0750–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Elias Z. Shamieh, San Francisco, CA, for Petitioner.

Dori E. Richards, Special Assistant United States Attorney (David C. Iglesias, United States Attorney for the District of New Mexico, Jan Elizabeth Mitchell, Assistant United States Attorney, on the brief), Albuquerque, NM, for Respondent.

PRESENT: Hon. WALKER, Hon. CHESTER J. STRAUB, Circuit Judges, Hon. TIMOTHY C. STANCEU,* Judge.

## SUMMARY ORDER

Nader Ale petitions for review of two orders of the Board of Immigration Appeals ("BIA"). The first, dated September 16, 2005 and raised in petition number 05–

---

* The Honorable Timothy C. Stanceu, United States Court of International Trade, sitting by designation.

5472–ag, affirms the immigration judge's ("IJ") October 14, 2004 order denying Ale's motion to reconsider the IJ's previous denial of Ale's motion to reopen proceedings for the purpose of rescinding an in absentia order of removal. The second, dated January 19, 2006 and raised in petition number 06–0750, denies Ale's second motion to reopen on the basis of his eligibility for adjustment of status. We assume the parties' familiarity with the balance of the facts, procedural history, and specification of issues on appeal.

■ "Where, as here, the BIA adopts or affirms the decision of the IJ and supplements that decision, we review the decision of the IJ as supplemented by the BIA." *Bugayong v. INS*, 442 F.3d 67, 70 (2d Cir.2006). We review the BIA's denial of a motion to reopen or reconsider for excess of discretion. *Norani v. Gonzales*, 451 F.3d 292, 293 (2d Cir.2006) (per curiam) (addressing motion to reopen); *Jin Ming Liu v. Gonzales*, 439 F.3d 109, 111 (2d Cir.2006) (per curiam) (addressing motion to reconsider). "An [excess] of discretion may be found where the BIA's decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Id.* (internal quotation marks omitted).

■ We find no excess of discretion in the IJ's October 14, 2004 order as supplemented by the BIA's September 16, 2005 order. Ale's motion to reopen, having been filed more than four years after Ale was ordered removed, was untimely. *See* 8 U.S.C. § 1229a(b)(5)(C)(i). Further, the ground Ale asserted for tolling the statute of limitations—ineffective assistance of his prior counsel—was meritless.[1] Because Ale personally was served with notice of the time, date, and place of his removal hearing, his counsel's purported failure to inform him of that information, even if true, was not prejudicial. *See Rabiu v. INS*, 41 F.3d 879, 882 (2d Cir.1994) (noting that petitioner must show prejudice to prevail on a claim of ineffective assistance of counsel). Not only, moreover, do Ale's explanations of former counsel's ineffectiveness contradict each other, but even had former counsel been ineffective, Ale was surely on notice that he had been ordered removed as of October 2003; his failure timely to file a motion to reopen at that point cannot be justified by former counsel's alleged negligence. *See Cekic v. INS*, 435 F.3d 167, 171 (2d Cir.2006) (limitations period runs "[f]rom the point at which the ineffective assistance of counsel should have been ... discovered").

■ Finally, Ale's argument that the IJ and BIA exceeded their discretion in concluding that he was not entitled to an equitable toll fails for a third, independent reason: He did not exercise due diligence during the limitations period he seeks to toll. Ale personally was served with a notice to appear, yet failed to inquire about his immigration status for more than three years after the hearing date set forth on the notice. *See Iavorski v. INS*, 232 F.3d

---

1. Had Ale's current counsel raised a broader claim of extraordinary circumstances in Ale's first motion to reopen—instead of relying only on the weak ineffective assistance of counsel claim—the IJ could have considered the totality of Ale's family circumstances, including the fact that Ale is married to a citizen, has a young citizen child, and may himself be eligible for an adjustment of status. *See Chete Juarez v. Ashcroft*, 376 F.3d 944, 948–49 (9th Cir.2004) (vacating denial of motion to reopen and considering validity of claim based on family hardship); *see also Herbert v. Ashcroft*, 325 F.3d 68, 72 (1st Cir.2003); *Denko v. INS*, 351 F.3d 717, 723 (6th Cir.2003); *Romero–Morales v. INS*, 25 F.3d 125, 129–31 (2d Cir.1994).

124, 134–35 (2d Cir.2000). He also failed to provide the INS with an address at which he could be contacted.

■ We further conclude that the BIA did not exceed its discretion with respect to its order dated January 19, 2006. As the BIA concluded, that motion to reopen, which was Ale's second, was number-barred. 8 C.F.R. § 1003.2(c)(2); *In re M– S–*, 22 I. & N. Dec. 349, 357, 1998 WL 769392 (BIA 1998) (en banc) (holding that motion to reopen based on eligibility for adjustment of status is subject to one-motion number bar codified at 8 C.F.R. § 1003.2(c)(2)).

For the reasons set forth above, the petitions in 05–5472–ag and 06–0750–ag are DENIED. The pending motions for a stay of removal in petitions 05–5472–ag and 06–0750–ag are DENIED as MOOT.