**Hassan Mohamed BAYOUMI,**
**Petitioner,**

v.

**Michael MUKASEY, U.S. Attorney General,[1] Respondent.**

**No. 05–0599–ag.**

United States Court of Appeals,
Second Circuit.

Aug. 14, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael Mukasey is automatically substituted for former Attorney General John Ashcroft as a respondent in this case.

Hassan Mohamed Bayoumi, Troy, NY, Petitioner, Pro se.

Terrance P. Flynn, United States Attorney for the Western District of New York, Gail Y. Mitchell, Assistant United States Attorney, Buffalo, NY, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Hassan Mohamed Bayoumi, a native and citizen of Sudan, seeks review of the January 6, 2005 order of the BIA affirming the August 25, 2003 decision of Immigration Judge ("IJ") Philip J. Montante denying his applications for adjustment of status and a waiver of inadmissibility pursuant to INA § 212(h), 8 U.S.C. § 1182(h). *In re Hassan Mohamed Bayoumi*, No. A94 005 766 (B.I.A. Jan. 6, 2005), *aff'g* No. A94 005 766 (Immig. Ct. Buffalo Aug. 25, 2003). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA affirms the IJ's decision in some respects but not others, this Court reviews the IJ's decision as modified by the BIA decision, i.e., minus the arguments for denying relief that the BIA rejected. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005).

Because Bayoumi petitions for review only of the BIA's January 2005 decision affirming the IJ's decision denying his application for adjustment of status and INA § 212(h) relief, we will not consider any arguments pertaining to the BIA's December 2001 decision summarily dismissing his appeal of the IJ's denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture. *Stone v. INS*, 514 U.S. 386, 405, 115 S.Ct. 1537, 131 L.Ed.2d 465 (1995).

While we arguably lack jurisdiction over Bayoumi's petition for review because it was untimely filed, *see* 8 U.S.C. § 1252(b)(1), *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir.2001), we need not decide whether Bayoumi's evidence that he arranged for a timely filing meets our jurisdictional requirements. *See also Bowles v. Russell*, —— U.S. ——, 127 S.Ct. 2360, 2366–67, 168 L.Ed.2d 96 (2007). Even if the petition was timely, we otherwise lack jurisdiction to review it.

We lack jurisdiction to review the BIA's January 2005 decision to deny adjustment of status if the IJ made a judgment that even if the applicant were eligible for adjustment of status, he or she should be denied such relief as a matter of discretion. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Harjinder Singh v. Gonzales*, 468 F.3d 135, 137 (2d Cir.2006) (citing *Bugayong v. INS*, 442 F.3d 67, 71 (2d Cir.2006) (per curiam)). We also lack jurisdiction to review the agency's discretionary denial of a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h). *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Xiao Ji Chen v. U.S. Dept. of Justice*, 471 F.3d 315, 331–32 n. 11 (2d Cir.2006). While we retain jurisdiction to review "questions of law" notwithstanding the jurisdictional bars applied to discretionary decisions, 8 U.S.C. § 1252(a)(2)(D), *Xiao Ji Chen*, 471 F.3d at 328–29, and even construing Bayoumi's *pro se* brief liberally, *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir.2006), he fails to raise any arguments that constitute a question of law. Indeed, his brief does not raise any arguments addressing the IJ's multiple findings supporting the denial of relief as a matter of discretion. Because the agency denied

Bayoumi's adjustment application and his request for INA § 212(h) relief as a matter of discretion, and because he fails to raise a colorable question of law, we dismiss his petition for review for lack of jurisdiction. *See* 8 U.S.C. § 1252(a)(2)(B)(i); *Harjinder Singh,* 468 F.3d at 137; *Xiao Ji Chen,* 471 F.3d at 328–29, 331–32 n. 11.

For the foregoing reasons, the petition for review is DISMISSED. The pending motion for a stay of removal in this petition is DISMISSED as moot.