11-1104-ag
Rosero v. Holder

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 9th day of February, two thousand twelve.

Present:     JOHN M. WALKER, JR.,
             ROSEMARY S. POOLER,
             DEBRA ANN LIVINGSTON,
                  *Circuit Judges*.

_____

CONCEPCION YAMILETH ROSERO,

                  *Petitioner*,

           v.                                          11-1104-ag

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY
GENERAL,

                  *Respondent*.

_____

For Petitioner:          Concepcion Yamileth Rosero, *pro se*.

For Respondent:          Tony West, Stephen J. Flynn & Kathryn M. McKinney, U.S.
                         Department of Justice, Washington, D.C.

Petition for review of a decision of the Board of Immigration Appeals (Adkins-Blanch, *Panel Member*).

ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the petition be and it hereby is DISMISSED.

Concepcion Yamileth Rosero, *pro se*, seeks review of a decision of the Board of Immigration Appeals (BIA) affirming an Immigration Judge's decision to deny her applications for adjustment of status and a waiver of inadmissibility. We assume the parties' familiarity with the underlying facts of the case, the procedural posture, and the issues on appeal.

"We . . . lack jurisdiction to review the agency's discretionary denial of a waiver of inadmissibility under INA § 212(h), 8 U.S.C. § 1182(h)." *Bayoumi v. Mukasey*, 288 F. App'x 769, 770 (2d Cir. 2008) (summary order) (citing 8 U.S.C. § 1252(a)(2)(B)(i); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 331-32 n.11 (2d Cir. 2006)). Although we retain jurisdiction to review "constitutional claims or questions of law," 8 U.S.C. § 1252(a)(2)(D), "a petitioner cannot us[e] the rhetoric of a constitutional claim or question of law to disguise what is essentially a quarrel about fact-finding or the exercise of discretion," *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008) (alteration in original) (internal quotation marks omitted). Moreover, the legal or constitutional claim must at least be "colorable" in order to confer jurisdiction. *Id.* at 40.

Here, we lack jurisdiction to review the agency's finding that Rosero failed to establish extreme hardship because Rosero fails to assert a colorable constitutional claim or question of law. We note only that with respect to Rosero's claims regarding her sons's alleged medical conditions and the Immigration Judge's alleged refusal to allow her husband to testify, we cannot consider evidence that is not in the record before us. *See* 8 U.S.C. § 1252(b)(4)(A). And we decline to remand the case to the agency for further consideration of any new evidence, given that Rosero can file a motion to reopen. *See Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 269-71 (2d Cir. 2007).

Accordingly, the petition for review of the decision of the Board of Immigration Appeals is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

2