09-4383-ag
Zhou v. Holder

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

Rulings by summary order do not have precedential effect.  Citation to summary orders filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1.  When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order").  A party citing a summary order must serve a copy of it on any party not represented by counsel.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the second day of September, two thousand and ten.

PRESENT:

> JON O. NEWMAN,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JING JAI ZHOU, a.k.a. Anna Zhou, a.k.a. Jing Zhou, a.k.a. Jing Jia Zhou,

> *Petitioner*,

v.                                                                     No. 09-4383-ag

ERIC H. HOLDER, JR., United States Attorney General,

> *Respondent.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PETITIONER:**          THOMAS V. MASSUCCI, New York, NY.

**FOR RESPONDENT:**       TIFFANY WALTERS-KLEINERT, Trial Attorney, Office
of Immigration Litigation (Tony West,
Assistant Attorney General, and Anthony C. Payne,
Senior Litigation Counsel, Office of Immigration

1

Litigation, *on the brief*) Civil Division, U.S. Department of Justice, Washington, DC.

**UPON CONSIDERATION** of the petition for review of a Board of Immigration Appeals decision, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DISMISSED** for want of jurisdiction.

Petitioner Jing Jai Zhou ("petitioner" or "Zhou"), a native and citizen of China, seeks review of a September 22, 2009 decision by the Board of Immigration Appeals ("BIA") dismissing her appeal from a decision by Immigration Judge ("IJ") Gabriel C. Videla denying Zhou's application for a waiver of inadmissibility under Section 212(h) of the Immigration and Nationality Act. *See* 8 U.S.C. 1182(h) (2006). Zhou argues that the IJ committed legal error in concluding that her removal would not result in extreme hardship to her son. Zhou does not challenge the finding that she is inadmissible as an alien convicted of a crime involving moral turpitude. We assume the parties' familiarity with the remaining factual and procedural history of the case.

The threshold issue is whether we have jurisdiction to review the IJ's discretionary denial of Zhou's request for a Section 212(h) waiver of inadmissibility. The jurisdiction-denying clause of INA § 242(a)(2)(B)(i), 8 U.S.C. § 1252(a)(2)(B)(i), provides: "[N]o court shall have jurisdiction to review . . . (i) any judgment regarding the granting of relief under section 1182(h) [INA § 212(h)]." We may, however, review Zhou's petition if it raises "colorable constitutional claims or questions of law . . . ." *Bugayong v. I.N.S.*, 442 F.3d 67, 68 (2d Cir. 2006). Ordinarily, a petition challenging a discretionary waiver of admissibility will not fall within the Court's jurisdiction, except in cases in which the agency's decision is "without rational justification or based on a legally erroneous standard," or where the decision is based on "fact-finding which is flawed by an error of law." *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 39 (2d Cir. 2008).

Our exercise of jurisdiction depends upon whether the IJ's alleged failure to consider certain evidence constitutes fact-finding flawed by an error of law. Specifically, Zhou argues that, in denying the Section 212(h) waiver, the IJ did not properly consider one of the two medical reports prepared by Dr. Stephen Reich, who evaluated Zhou's mother and son, wrote two reports, and testified before the IJ. Zhou also claims that the IJ failed to consider other medical records that indicate her son suffers from breathing problems.

Generally, "we presume that an IJ has taken into account all of the evidence before him, unless the record compellingly suggests otherwise." *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159 n.13 (2d Cir. 2006). Zhou claims that the IJ failed to admit the psychologist's second report and the medical records into evidence to prove that the IJ's decision regarding her waiver was not adequately informed. Notwithstanding the fact that petitioner did not object or otherwise call this

failure to the attention of the IJ, we are unpersuaded that the IJ disregarded material facts. As we explained in *Mendez v. Holder*, 566 F.3d 316 (2d Cir. 2009), "the agency does not commit an 'error of law' every time an item of evidence is not explicitly considered or is described with imperfect accuracy . . . ." *Id.* at 323. Rather, the record must show that facts important to the determination of hardship have been "totally overlooked and others have been seriously mischaracterized." *Id.*

Here, even if the IJ failed to consider the psychologist's second report and certain other medical records, the IJ's explanation of his ruling demonstrates that his decision on lack of extreme hardship was thoughtful and informed. The first report submitted by Dr. Reich, which the IJ *did* explicitly admit into evidence and mark as an exhibit, relates substantially the same information and professional opinion about Zhou's son as the second report—namely, that in Dr. Reich's opinion, Zhou's son will develop a separation anxiety disorder and depressive symptomatology in the event that he is required to leave the United States and live in China. In neither report is this conclusion based on psychological issues or circumstances particular to Zhou's son; instead, Dr. Reich merely extrapolates from academic research showing generally that children separated from their family members are at a higher risk for certain psychological conditions. The IJ explained that he understood Zhou's son "would face a situation if having to relocate to China [ ] not unlike many other young children who would have to adapt to the new environment." He stated that he had "not heard any evidence or consider[ed] any evidence presented by [Zhou] that there is anything that would result in extreme hardship." In doing so, it is clear that the IJ weighed the substance of Dr. Reich's opinion but reached a conclusion that Zhou disputes. *Cf. Chiaramonte v. I.N.S.*, 626 F.2d 1093, 1101 (2d Cir. 1980) (stating that courts consistently find extreme hardship to be lacking when "deportation would result in nothing more than the emotional or even financial tribulations which generally follow the separation of a family"). In sum, the IJ did not "totally overlook" or "seriously mischaracterize" the evidence in such a way as to constitute an "error of law" subject to our review. *See Mendez*, 566 F.3d at 323.

Our finding with respect to the medical records of Zhou's son must be the same. In her brief, Zhou asserts only the bare fact that the record indicates her son has experienced breathing problems. In a conclusory fashion, she then asserts that the quality of medical care in China and the air pollution in China would "greatly affect her son's breathing." The record does not reflect any details or any explanation of how and why the conditions in China rise to the level of extreme hardship. Furthermore, the breathing problems of Zhou's son are no part of her oral testimony before the IJ. It is not surprising, therefore, that the BIA was "not persuaded that remand [wa]s warranted for further consideration of this issue, as it was not developed during the underlying proceedings and the respondent has not submitted new, material evidence on appeal that warrants remand." For substantially similar reasons, we conclude that there is no merit to the argument that the IJ failed to consider the medical records and thus "totally overlook[ed]" or "seriously

3

mischaracterize[d]" facts important to the determination of extreme hardship.  *See id.*


## CONCLUSION

To summarize: We are convinced that Zhou's petition raises no "colorable constitutional claims or questions of law . . . ."  *Bugayong*, 442 F.3d at 68.  Accordingly, we hold that we lack jurisdiction to review the IJ's discretionary denial of Zhou's request for a waiver of inadmissibility.

We have considered each of Zhou's arguments on appeal and find them to be without merit.  For the reasons stated above, the petition for review is **DISMISSED**.  As we have completed our review, any stay of removal that the Court previously granted in this petition is **VACATED**.



FOR THE COURT,

Catherine O'Hagan Wolfe, Clerk of Court


4