Bekpo v. Barr

BIA
Mulligan, IJ
A204 719 918

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of May, two thousand twenty.

PRESENT:
> BARRINGTON D. PARKER,
> SUSAN L. CARNEY,
> STEVEN J. MENASHI,
> *Circuit Judges.*

_____

FRANKLIN KODZO BEKPO,

> *Petitioner,*

> v.                                                              19-1074

WILLIAM P. BARR, UNITED STATES
ATTORNEY GENERAL,

> *Respondent.*

_____

FOR PETITIONER:          CRAIG RELLES, Law Office of Craig Relles, White Plains, NY.

FOR RESPONDENT:          ELIZABETH R. CHAPMAN, Trial Attorney (Joseph H. Hunt, Assistant Attorney General; Shelley R. Goad, Assistant Director, *on the brief*) *for* the Office of Immigration Litigation, United

States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DISMISSED.

Petitioner Franklin Kodzo Bekpo, a native and citizen of Ghana, seeks review of a 2019 decision of the BIA affirming a 2018 decision of an Immigration Judge ("IJ") denying Bekpo's application for cancellation of removal and a waiver of inadmissibility. *In re Franklin Kodzo Bekpo,* No. A 204 719 918 (B.I.A. Mar. 29, 2019), *aff'g* No. A 204 719 918 (Immig. Ct. N.Y.C. Oct. 9, 2018). We assume the parties' familiarity with the underlying facts and procedural history, to which we refer only as necessary to explain our decision to dismiss the petition for review.

We have reviewed the IJ's decision as supplemented by the BIA's. *See Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Our jurisdiction to review Bekpo's petition is limited to constitutional claims and questions of law for two reasons: first, because he was ordered removed based on his conviction for a crime involving moral turpitude ("CIMT"), and second, because he seeks review of the agency's denial of discretionary relief (that is, cancellation of removal under 8 U.S.C. § 1229b and waiver of inadmissibility under 8 U.S.C. § 1182(h)). *See* 8 U.S.C. § 1252(a)(2)(B)–(D); *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 325 (2d Cir.

2

2006).  We review constitutional claims and questions of law de novo. *Gjerjaj v. Holder*, 691 F.3d 288, 292 (2d Cir. 2012).  For jurisdiction to attach, such claims must be colorable. *Barco-Sandoval v. Gonzales*, 516 F.3d 35, 40–41 (2d Cir. 2008).

<u>8 U.S.C. § 1182(h) Waiver</u>

Section 1182(h) authorizes the agency in its discretion to waive certain criminal grounds of inadmissibility.  Under § 1182(a)(2)(A)(i)(I), these include a CIMT, which may be waived if, among other factors, the applicant can show that removal would result in "extreme hardship" to qualifying relatives.  8 U.S.C. § 1182(h)(1)(B).

We lack jurisdiction to review factual and discretionary determinations, including both the extreme hardship determination and the ultimate exercise of discretion, except insofar as those acts raise constitutional claims or questions of law.  *See Bugayong v. INS*, 442 F.3d 67, 71–72 (2d Cir. 2006).  Notably, the agency's extreme hardship determination is "only a threshold finding that an IJ must ordinarily make before reaching the ultimate, and separate, determination as to whether he should exercise his discretion in favor of a petitioner and grant a waiver of inadmissibility." *Id.* at 73.

3

Here, the IJ found that the harm Bekpo's qualifying relatives would face were he to be removed—the emotional and financial harm that comes with separation—does not meet the high standard for "extreme hardship." The IJ further determined that, even if Bekpo's showing did clear that bar, he did not merit discretionary relief.

In his brief on appeal, Bekpo does not make any specific arguments regarding the IJ's adverse finding on "extreme hardship." He counters the IJ only by asserting that he "testified at length with regard to the hardship his wife and daughter would feel if he were removed." Petitioner's Br. at 4. But the IJ considered the difficulties that separation from Bekpo would cause to his wife, who as a practical matter would become a single mother and, as the IJ acknowledged, would have to "pay all the bills, including monthly rent, automobile insurance, cable, electricity, and wages for [their daughter's babysitter]." CAR at 63.

The record thus reflects that the IJ considered the proffered material evidence of hardship. Absent any suggestion of legal error in that consideration, such as overlooking material evidence or facts, the limits on our jurisdiction keep us from reviewing the merits of the IJ's factual determination or the related adverse discretionary decision. *See Mendez v. Holder*, 566 F.3d 316, 323 (2d Cir. 2009); *see also Bugayong*, 442 F.3d at 71–73.

4

To the extent that Bekpo raises a related due process argument, we discuss that claim further below.

Cancellation of Removal under 8 U.S.C. § 1229b

Obtaining cancellation of removal is a two-step process: first, an alien must demonstrate statutory eligibility; second, if eligibility is demonstrated, the Attorney General decides as a matter of discretion whether to grant relief. *Rodriguez v. Gonzales*, 451 F.3d 60, 62 (2d Cir. 2006). Under 8 U.S.C. § 1229b(a), a lawful permanent resident is eligible for such relief if he or she: "(1) has been an alien lawfully admitted for permanent residence for not less than 5 years, (2) has resided in the United States continuously for 7 years after having been admitted in any status, and (3) has not been convicted of any aggravated felony." For eligible aliens applying for cancellation, the Attorney General weighs the applicant's equities and pertinent adverse factors to determine whether, as a matter of discretion, the applicant has met his burden of demonstrating that relief is warranted. *Matter of Sotelo-Sotelo*, 23 I. & N. Dec. 201, 204–06 (BIA 2001).

Bekpo argues that, despite a prior conviction, he was eligible for cancellation. We do not reach that question, however, because its resolution was not necessary to the agency's decision: the agency assumed his eligibility and independently denied discretionary

5

relief at the second step of the process, a decision that was dispositive of his claim. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). We turn instead to examining whether Bekpo has raised a legal or constitutional claim with regard to the agency's discretionary decision. *See* 8 U.S.C. § 1229a(c)(4)(A)(ii) (requiring applicant for relief from removal to demonstrate that he merits a favorable exercise of discretion).

The agency may commit legal error when its discretionary decision "was made without rational justification," *Xiao Ji Chen,* 471 F.3d at 329, and fact-finding may be flawed by an error of law when "facts important to [the discretionary] determination . . . have been totally overlooked and others have been seriously mischaracterized," *Mendez*, 566 F.3d at 323. We conclude that Bekpo does not raise a colorable constitutional claim or question of law regarding the agency's discretionary denial.

The IJ denied discretionary relief based on its finding that Bekpo's positive factors, i.e., his long residency, his family ties to the United States, and the difficulty his removal would pose to his wife and daughter, did not outweigh his adverse factors, i.e., his criminal history, his lack of demonstrated rehabilitation, and the facts surrounding his forgery conviction, including that his

6

victim was an elderly disabled man under his care.  These factors are appropriate for consideration.  To determine if cancellation is warranted as a matter of discretion, the agency reviews "the record as a whole, [and] balance[s] the adverse factors evidencing the alien's undesirability as a permanent resident with the social and humane considerations presented in his behalf to determine whether the granting of relief appears in the best interest of this country." *In re C-V-T-*, 22 I. & N. Dec. 7, 11 (BIA 1998) (internal quotation marks, brackets, and ellipses omitted); *see Argueta v. Holder*, 617 F.3d 109, 113 (2d Cir. 2010) (citing *C-V-T-* as the standard for discretionary relief and noting the "agency's broad discretion to decide whether to grant cancellation of removal as a matter of grace").

Bekpo does not point to any relevant factors that the agency ignored in its calculus and does not challenge its discretionary denial of cancellation, except to argue that the IJ acted inconsistently with Bekpo's due process rights when he drew an adverse inference from the absence of Bekpo's wife at the hearing. Accordingly, we discuss this sole remaining claim next.

Due Process

To prevail on a due process claim in the immigration sphere, a petitioner must show both that he was deprived a "full and fair

7

opportunity" to present his case and that he suffered prejudice as a result. *See Burger v. Gonzales*, 498 F.3d 131, 134 (2d Cir. 2007). Here, the record reflects that Bekpo received a fair hearing: he was counseled at the hearing and he was permitted to submit evidence, testify, and present witnesses.

Bekpo now argues that he was wrongly prevented from having his wife testify. He explains that his wife did not attend the hearing because they understood that it would focus on only the legal question whether his crime was an aggravated felony—a question as to which she had no relevant evidence. But Bekpo did not raise such a claim at his hearing when the issue of hardship arose and the IJ asked why his wife was not present. Instead, Bekpo's attorney stated that Bekpo requested that she attend, but her work obligations prevented her from doing so. Thus, the record undercuts Bekpo's assertion that the IJ precluded his wife from testifying.

Our conclusion that Bekpo has not raised a colorable due process claim is reinforced by the observation that Bekpo did not show that he was prejudiced by this chain of events, as is required for him to make out such a claim. *See Garcia-Villeda*, 531 F.3d at 149 ("Parties claiming denial of due process in immigration cases must, in order to prevail, allege some cognizable prejudice fairly attributable to the challenged process." (internal quotation marks and citations omitted)); *Rabiu v. INS*, 41 F.3d 879, 882–83 (2d Cir.

8

1994) ("[T]o show . . . actual prejudice, [a petitioner] must make a prima facie showing that he would have been eligible for the relief and that he could have made a strong showing in support of his application.").

In her affidavit, Bekpo's wife asserted that she relied on Bekpo to assist with cooking, cleaning, and caring for their child during her work hours, and to pay rent, cable, utilities, her car loan, and car insurance premiums. The IJ considered this evidence and acknowledged the financial and emotional hardship Bekpo's wife would face in his absence. Nonetheless, the IJ concluded, this hardship was not "extreme." CAR at 63. Bekpo identifies no *legal* flaw in this finding.

Finally, and dispositively, the IJ found that, even if Bekpo could establish the requisite hardship, he did not warrant the exercise of discretionary relief, in light of the same balancing of factors as discussed above. In light of this determination, and Bekpo's failure to identify any additional relevant facts that his wife would have testified to, he has not sufficiently established that her testimony would have changed the outcome. *See Garcia-Villeda*, 531 F.3d at 149. In short, Bekpo's failure to show that he was actually prevented from presenting his wife's testimony or that he was prejudiced as a result of her failure to testify means that he has

9

not made out a colorable due process claim.  *See Burger*, 498 F.3d at 134; *Garcia-Villeda*, 531 F.3d at 149.

For the foregoing reasons, the petition for review is DISMISSED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court